UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNLOCKD MEDIA, INC. LIQUIDATION TRUST,<br><br>   Plaintiff,<br><br>  v.<br><br>GOOGLE LLC, et al.,<br><br>   Defendants. | Case No. 21-cv-07250-HSG<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 2, 54 |

Pending before the Court is Plaintiff Unlockd Media, Inc Liquidation Trust's administrative motions to file under seal portions of the original complaint and the First Amended Complaint ("FAC"). *See* Dkt. Nos. 2, 54. For the reasons detailed below, the Court **GRANTS** the motion to seal the original complaint, and **GRANTS** the motion to seal the FAC.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a document attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing

court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

However, documents attached to non-dispositive motions are not subject to the same strong presumption of access. *See id.* at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1179–80 (quotations omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations omitted).

## II.  DISCUSSION

Plaintiff seeks to seal portions of the initial complaint and the FAC. *See* Dkt. Nos. 2, 54. Because the complaint is the pleading on which this action is based, the Court applies the "compelling reasons" standard to these motions. *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (finding compelling reasons standard governed motion to seal portions of the complaint); *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of.").

As to Plaintiff's motion to seal portions of the initial complaint, Dkt. No. 2, the Court did not rely on that pleading because Plaintiff filed an amended complaint before Defendant Google LLC answered. Thus, the initial complaint is unrelated to the public's understanding of the judicial proceedings in this case, and the public's interest in disclosure of these documents is minimal. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is even further

diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion for Class Certification."). In any event, the reasons that Plaintiff seeks to seal the initial complaint are the same as its reasons for sealing the FAC. *Compare* Dkt. No. 2, *with* Dkt. No. 54. The Court therefore addresses those arguments below.

Plaintiff alleges that prior to its bankruptcy it was a technology startup, which allowed smartphone users to receive advertisements when they unlocked their phones in exchange for reward points. Plaintiff seeks to seal excerpts from the complaint that contain confidential business and financial information relating to the click-through rates that Plaintiff obtained from its advertising partners, the average revenue per smartphone user that Plaintiff received from its partners, the dollar value(s) of the rewards that smartphone users received for seeing advertisements, user attrition rates, and prospective partners that Plaintiff sought to work with in the future. In short, Plaintiff seeks to seal discrete information related to the company's business model. Such terms, if public, could be used by both Plaintiff's and its partners' competitors to give them an unfair advantage in the development and negotiations of rival products. *See* Dkt. No. 54 at 3. The Court finds that such confidential business information satisfies the compelling reasons standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

### III. CONCLUSION

The Court therefore **GRANTS** Plaintiff's motions to seal. Dkt. Nos. 2, 54. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 9/30/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

3