UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNLOCKD MEDIA, INC. LIQUIDATION TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-07250-HSG<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: Dkt. No. 60 |

Pending before the Court is Defendant Google LLC's administrative motion to consider whether another party's materials should be sealed. *See* Dkt. No. 60. The motion pertains to discrete sections of its pending motion to dismiss that Plaintiff Unlockd Media, Inc Liquidation Trust contends are non-public and protectable trade secrets. *See* Dkt. No. 62. For the reasons detailed below, the Court **GRANTS** the motion.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a document attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general,

1  'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing
2  court records exist when such 'court files might have become a vehicle for improper purposes,'
3  such as the use of records to gratify private spite, promote public scandal, circulate libelous
4  statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435
5  U.S. 589, 598 (1978)).

6  However, documents attached to non-dispositive motions are not subject to the same
7  strong presumption of access. *See id.* at 1179. Because such records "are often unrelated, or only
8  tangentially related, to the underlying cause of action," parties moving to seal must meet the lower
9  "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1179–80 (quotations
10 omitted). This requires only a "particularized showing" that "specific prejudice or harm will
11 result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307
12 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm,
13 unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus.,*
14 *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations omitted).

15 **II.    DISCUSSION**

16 Plaintiff seeks to seal portions of a footnote in Defendant's motion to dismiss. *See* Dkt.
17 Nos. 60, 62. Because Defendants seek to seal documents related to a dispositive motion, the Court
18 applies the "compelling reasons" standard. In the motion to dismiss, Defendant references dollar
19 amounts that Plaintiff cites in the FAC. These figures represent the average revenue per user that
20 Plaintiff received on a monthly basis, as well as a projection of its future revenue had its business
21 continued. The Court has previously concluded that there are compelling reasons to seal such
22 confidential business and financial information, *see* Dkt. No. 92, and **GRANTS** this motion on the
23 same basis.

24 //
25 //
26 //
27 //
28 //

**III.   CONCLUSION**

The Court **GRANTS** the motion to seal.  Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated:   3/21/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge