UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNLOCKD MEDIA, INC. LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC, et al.,<br><br>Defendants. | Case No. 21-cv-07250-HSG<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 102, 109 |

Pending before the Court is Plaintiff Unlockd Media, Inc. Liquidation Trust's administrative motion to file under seal portions of the Second Amended Complaint ("SAC"). *See* Dkt. No. 102. Defendant Google LLC also filed an administrative motion to consider whether another party's materials should be sealed. *See* Dkt. No. 109. Defendant's motion pertains to discrete sections of its pending motion to dismiss that Plaintiff contends are non-public and protectable trade secrets. *Id.* (citing Dkt. No. 62). For the reasons detailed below, the Court **GRANTS** both motions.

I. **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this "strong presumption," the party seeking to seal a document attached to a dispositive motion must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the

1    public policies favoring disclosure, such as the public interest in understanding the judicial process
2    and significant public events. *Id.* at 1178–79. "In general, 'compelling reasons' sufficient to
3    outweigh the public's interest in disclosure and justify sealing court records exist when such 'court
4    files might have become a vehicle for improper purposes,' such as the use of records to gratify
5    private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at
6    1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

7    However, documents attached to non-dispositive motions are not subject to the same
8    strong presumption of access. *Kamakana*, 447 F.3d at 1179. Because such records "are often
9    unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal
10   must meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1179–
11   80 (quotations omitted). This requires only a "particularized showing" that "specific prejudice or
12   harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors*
13   *Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations
14   of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*
15   *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations omitted).

**II.    DISCUSSION**

As for the first motion, Plaintiff seeks to seal portions of the SAC. *See* Dkt. No. 102. Because the complaint is the operative pleading on which this action is based, the Court applies the "compelling reasons" standard to these motions. *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (finding compelling reasons standard governed motion to seal portions of the amended complaint); *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of.").

Plaintiff seeks to seal the same information that the Court ordered sealed as to the First Amended Complaint. *See* Dkt. No. 92. Specifically, Plaintiff requests an order sealing excerpts from the SAC that contain confidential business and financial information relating to the click-through rates that Plaintiff obtained from its advertising partners, the average revenue per

1   smartphone user that Plaintiff received from its partners, the dollar value(s) of the rewards that
2   smartphone users received for seeing advertisements, user attrition rates, and prospective partners
3   that Plaintiff sought to work with in the future.  In short, Plaintiff seeks to seal discrete
4   information related to the company's business model.  Such terms, if public, could be used by both
5   Plaintiff's and its partners' competitors to give them an unfair advantage in the development and
6   negotiations of rival products.  *See* Dkt. No. 102 at 3–4.  The Court finds that such confidential
7   business information satisfies the compelling reasons standard.  *See In re Qualcomm Litig.*, No.
8   3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that
9   sealing such information "prevent[ed] competitors from gaining insight into the parties' business
10  model and strategy"); *see also Finisar Corp. v. Nistica, Inc.*, No. 13-CV-03345-BLF (JSC), 2015
11  WL 3988132, at *5 (N.D. Cal. June 30, 2015).
12       As for the second motion, Plaintiff seeks to seal portions of a footnote in Defendant's
13  motion to dismiss.  *See* Dkt. No. 109 (citing Dkt. Nos. 62, 102).  Because Defendants seek to seal
14  documents related to a dispositive motion, the Court applies the "compelling reasons" standard.
15  In the motion to dismiss, Defendant references dollar amounts that Plaintiff cites in the SAC.
16  These figures represent the average revenue per user that Plaintiff received on a monthly basis, as
17  well as a projection of its future revenue had its business continued.  The Court previously
18  concluded that there are compelling reasons to seal such confidential business and financial
19  information contained in prior pleadings, *see* Dkt. No. 100, and comes to the same conclusion as
20  to the operative pleadings, *see* Dkt. No. 102.  Accordingly, the Court **GRANTS** the motion on the
21  same basis.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

**III. CONCLUSION**

The Court therefore **GRANTS** the motions to seal. Dkt. Nos. 102, 109. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 2/6/2024

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge